JAMORWIL REALTY CORPORATION, Respondent, *v.* HERMAN SCHICKLER, Appellant, Impleaded with DAVID S. GORDON and Others, Defendants.

Second Department, November 25, 1927.

Vendor and purchaser — specific performance — appellant agreed to sell half interest in real property, title to which was in corporation — appellant and another owned all stock — corporation was dissolved and title vested in directors as trustees — appellant, owner of one-half of corporate stock, had equitable interest in real property — appellant could legally convey said interest — contract may be considered as equitable assignment — judgment directing sale of property was proper but court did not have power to direct trustees to convey one-half interest to plaintiff, assignee of vendee — on sale of property share due appellant on settlement of corporate affairs must be paid plaintiff on condition that plaintiff pay appellant amount contracted.

The appellant, who is the owner of half of the capital stock of a corporation, contracted to sell one-half interest in the real property belonging to the corporation and this action is brought by the vendee's assignee to compel the specific performance of that contract. The remainder of the capital stock was owned by another and the corporation had no debts and has been dissolved. The result of the dissolution was to vest the legal title in the appellant and the other directors as trustees for the stockholders and creditors, if any, with equitable ownership of the real property in the owners of the stock. The appellant owning an equitable interest in the real property which he sought to convey, had the right to convey that interest, and the contract may be considered as an equitable assignment thereof, and it was error to hold that the appellant had no power, individually, to convey any interest in the real property in question.

It was error, also, for the court to direct that the trustees convey a one-half interest in the real property held by the corporation to the plaintiff.

The proper procedure was to sell the real property in order to close up the affairs of the corporation. The plaintiff is entitled to receive the share of the proceeds which will be paid to the appellant upon condition that the plaintiff first pay the appellant the amount of money which it contracted to pay in its contract of purchase.

APPEAL by the defendant, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 2d day of May, 1927,

*Leonard Probst,* for the appellant.

*William Jacobs,* for the respondent.

RICH, J.   This action is brought by respondent, assignee of Florence Simmons, for the specific performance of a contract for the purchase and sale of certain real property, situated in the borough of Brooklyn, by the terms of which appellant agreed to convey to Florence Simmons (respondent's assignor) an undivided one-half interest in said real property for the sum of $2,600.

The title to the property was in Uptimo Realty Co., Inc., a domestic corporation of which the defendants Gordon, Bickwit and appellant were sole directors and officers, while the appellant and Gordon were each the owners of one-half of the capital stock issued and outstanding of said corporation.   It was dissolved on December 8, 1923, pursuant to statute, which vested the *legal* title in the appellant, Bickwit and Gordon, as trustees for stockholders and creditors, if any, with the *equitable* ownership of the real property in question in the appellant and Gordon.

The closing of the title under this contract was adjourned by mutual consent, pending the termination of an action which the appellant agreed to bring against the defendants Gordon, Bickwit and Lipton, in order to perfect his title.   The action which was commenced by appellant August 24, 1925, contained the following prayer for relief:

" 1. That the individual defendants David S. Gordon, Leonard Bickwit, Harold Lipton and Ceil R. Lipton, his wife, be ordered and directed to join with the plaintiff herein in causing the said property to be sold and to make and execute and deliver to the purchaser thereof a good and valid deed thereof sufficient to vest in such purchaser the title of the said Uptimo Realty Co., Inc., and of the parties to this action as stockholders, directors and trustees thereof, and that the defendants David S. Gordon and Leonard Bickwit and each of them, and the plaintiff herein, be directed to cause the proceeds of such sale to be distributed to and among the persons entitled to receive the same in accordance with the laws and statutes of New York with relation to the disposition of assets of corporations upon dissolution thereof, or in the event that the parties hereto fail to agree upon the terms and conditions of said sale, or the manner of conducting the same or otherwise fail to agree, that a receiver of the said real property, and the rents, issues and profits thereof, be appointed, and that the receiver cause the said property to be sold and the proceeds thereof distributed in accordance with the laws and statutes of the State of New York, relating to the disposition of assets of corporations upon dissolution thereof, and in accordance with such judgment or order as may be rendered or made by the court.

" 2. That the defendant David S. Gordon be directed to pay

and satisfy forthwith the said mortgage now a lien of record against the said property or to pay over to the plaintiff and the defendants David S. Gordon and Leonard Bickwit, as trustees, the full amount due and payable on the said mortgage, who, as such trustees, shall immediately pay and satisfy the said mortgage of record.

" 3. That the defendants David S. Gordon and Leonard Bickwit be ordered and directed to render an accounting of their administration of the affairs of the said corporation since the dissolution thereof."

It resulted in a judgment in favor of the plaintiff, which among other things (so far as is pertinent to the question raised by this appeal) provided as follows:

" Further ordered, adjudged and decreed that the said real property owned by the Uptimo Realty Co., Inc., shall be sold at public auction by the trustees Herman Schickler and David S. Gordon and Leonard Bickwit, for a sum of money not less than Seven Thousand ($7000) Dollars, and the said trustees shall make a just and fair distribution of the property of the said Uptimo Realty Co., Inc., and of the proceeds thereof among its fair and honest creditors, in the order and in the proportion prescribed by law, and any balance remaining after its creditors are paid shall be equally distributed between the said Herman Schickler and David S. Gordon, each of whom holds Fifty (50%) per cent of the capital stock of the said Uptimo Realty Co., Inc., and the contract of sale dated January 15th, 1925, entered into between Herman Schickler individually and Florence Simmons, one of the defendants herein, and subsequently assigned by the said Florence Simmons to the Jamorwil Realty Corporation, also a defendant herein, shall not be binding upon Herman Schickler, David S. Gordon or Leonard Bickwit, as Trustees of the hereinbefore described property of the Uptimo Realty Co., Inc., the dissolved corporation, and the said contract of sale shall in nowise affect the property hereinbefore described and shall in nowise bar the said trustees from conveying a good, valid and marketable title to the said property to whomsoever may purchase the same, and whosoever may purchase the said property shall have good, valid and marketable title thereto, and said title shall not be subject to any claim or claims by the said Florence Simmons or by her assignee Jamorwil Realty Corporation, one of the defendants herein, by reason of the said contract dated January 15th, 1925, entered into with the plaintiff Herman Schickler individually. The said contract of sale dated January 15th, 1925, entered into between the plaintiff Herman Schickler individually and the said Florence Simmons, one of the defendants herein, which the said

Florence Simmons subsequently assigned to the said Jamorwil Realty Corporation, another of the defendants herein, shall be void and is hereby declared to be of no effect whatever, in so far as the said contract may affect the premises described in paragraph ' 3 ' herein contained.

" Further ordered, adjudged and decreed that the plaintiff, Herman Schickler, has no right or power to individually and in his own name convey any interest in and to the real property described in paragraph ' 3 ' contained herein."

The defendant realty corporation in that action (plaintiff here) appealed from that judgment, and it was modified by this court (*Schickler* v. *Gordon*, 219 App. Div. 747) by striking therefrom the provision: " That the plaintiff, Herman Schickler, has no right or power to individually and in his own name convey any interest in and to the real property described in paragraph ' 3 ' contained herein," and by adding thereto a provision " that the share of the proceeds to which plaintiff is entitled after sale shall be subject to the rights of the defendant Jamorwil Realty Corporation under and by virtue of a certain contract between plaintiff and one Simmons assigned to said Jamorwil Realty Corporation."

While this court at that time was of the opinion that the contract entered into by the plaintiff in that action (Schickler) with the plaintiff's assignor in this action was undoubtedly void as against the title of the trustees, it was also of the opinion that appellant had a perfect right to convey, or contract to convey, whatever interest he may have had in the premises in question, but that his interest was not a *legal* title, but rather an *equitable* one. The subsequent confusion which has arisen, evidenced by the conflicting judgments of *Schickler* v. *Gordon* and the judgment appealed from, undoubtedly is the result of a misapprehension by the learned trial court as to just what this court intended to decide was appellant's interest in the property.

The learned trial court was evidently of the opinion that the adjudication of this court in modifying and affirming the judgment (*Schickler* v. *Gordon*), which judgment provided that the contract was void and of no effect, was contradictory for the reason that this court in the same case also held that the judgment was to be deemed *subject* to the rights of the plaintiff in this action, arising out of the contract between its assignor and appellant. Holding this view, he disregarded the provisions of the prior judgment providing for a sale of the real property in question at auction by the trustees and the distribution of the proceeds to the persons entitled thereto, and has directed that the trustees, appellant, Bickwit and Gordon, execute a deed direct to the plaintiff, con-

veying the fee simple to an undivided one-half interest in said real property. This direction, the appellant contends, the court had no power to make because appellant has not the right to and cannot convey a good and marketable title.

It is not open to question that appellant could convey no marketable title to an undivided one-half interest in the premises in question. The title to this property was, and now is, vested in appellant, Gordon and Bickwit, as trustees, for the *only* purpose of winding up the affairs of the corporation, by selling its property, paying its creditors and distributing the balance among its stockholders of record. These trustees, acting jointly and not severally, are the only persons who can convey the *legal* title to the premises in question, and in this the decision and judgment based thereon in *Schickler* v. *Gordon* (*supra*) were undoubtedly correct. But where the learned trial court erred in that case was in providing that appellant had no right to convey his *interest* in the premises.

The difficulty and confusion in this case arise, as I have said, because of a misapprehension of what appellant actually has to convey. He undoubtedly has an *equitable* interest in the premises, subject only to the rights of creditors, if any, of which it appears there are none. Under the circumstances, this court holds that appellant undoubtedly intended to sell by the contract in question his *equitable* interest in the premises in question, but evidently changed his mind when he subsequently entered into an agreement with the defendant Gordon, one of his cotrustees and the owner of the other undivided one-half, to sell his interest for $900 in excess of what was agreed to be paid by plaintiff's assignor. There appears to be no reason, under the circumstances, why this court should not consider the contract in question an *equitable assignment* of appellant's interest in the premises in question after the sale at auction, as directed by the former judgment, and the payment of the corporation's creditors, if any; but we are of the opinion that the judgment of specific performance, directing the trustees of the corporation to execute a deed of the undivided one-half interest of appellant to plaintiff, is improper. Irrespective of the two contradictory judgments now in existence, one in the action of *Schickler* v. *Gordon* and the other in the case at bar, we are of the opinion that, as the respondent urges in its brief, the provisions of the judgment in the former action, directing the sale of the property at auction and the distribution of the proceeds to the persons entitled thereto, is proper and should be carried out, but that this court in *this* action should decree that the share of the proceeds of sale to which the appellant may be found to be entitled should be paid to the plaintiff herein, upon the latter paying to

4

the appellant the sum of money to which he may be entitled under the contract of which specific performance is sought in this action.

The judgment in this action, directing the execution of a deed by the trustees of the appellant's interest to plaintiff, should, therefore, be modified by striking therefrom the provision directing the execution of a deed by the trustees, and by adding thereto a provision directing that the share of the appellant in the proceeds of sale be paid to the plaintiff herein, upon condition that the plaintiff shall pay to the appellant the sum or sums due to him under and pursuant to the contract of January 15, 1925; and as so modified affirmed, without costs.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment modified in accordance with opinion and as so modified affirmed, without costs. Settle order on notice.